IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-76-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PREANTE MONTRELL WHITFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

On August 10, 2017, Preante Montrell Whitfield ("Whitfield" or "defendant") moved to dismiss count two of the indictment [D.E. 26]. Count two charges Whitfield with using or carrying a firearm, by brandishing, during and in relation to a crime of violence. See [D.E. 1] 2; 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The alleged crime of violence is a Hobbs Act robbery, which is charged in count one. See [D.E. 1] 1; 18 U.S.C. §§ 1951 and 2. Whitfield contends that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A); therefore, this court must dismiss count two for failure to state an offense. See [D.E. 26] 2–5. Whitfield also cites Johnson v. United States, 135 S. Ct. 2551 (2015), and argues that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Id. at 5–12.[1] On August 24, 2017, the government responded in

---

[1] 18 U.S.C. § 924(c)(3) states:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and —

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

opposition, contending that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A) and that 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague. See [D.E. 27].

Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). See, e.g., Diaz v. United States, 863 F.3d 781, 783 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 290–92 (6th Cir. 2017); United States v. Hill, 832 F.3d 135, 139–44 (2d Cir. 2016); In re Chance, 831 F.3d 1335, 1337 (11th Cir. 2016); see also United States v. Castleman, 134 S. Ct. 1405, 1413–16 (2014); In re Irby, 858 F.3d 231, 237–38 (4th Cir. 2017). In light of this conclusion, the court need not decide whether the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. See, e.g., Hunter v. United States, 873 F.3d 388, 389–90 (1st Cir. 2017); Diaz, 863 F.3d at 783; In re Hubbard, 825 F.3d 225, 232 n.4 (4th Cir. 2016); United States v. Hare, 820 F.3d 93, 105 n.10 (4th Cir. 2016); United States v. Fuertes, 805 F.3d 485, 499 n.5 (4th Cir. 2015).

Instead, the court will await the Supreme Court's decision in Lynch v. Dimaya, 137 S. Ct. 31 (2016), granting review of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), which was argued on October 2, 2017, and which will address whether the materially indistinguishable residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague.[2] Compare United States v. Odum, Nos. 15-2280/2503, 2017 WL 6524022, at *5 (6th Cir. Nov. 30, 2017) (holding that 18 U.S.C. § 924(c)(3)(B) is not

---

[2] 18 U.S.C. § 16 states:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

2

unconstitutionally vague); Ovalles v. United States, 861 F.3d 1257, 1258–59 (11th Cir. 2017) (same); United States v. Garcia, 857 F.3d 708, 711 (5th Cir. 2017) (same), with United States v. Cardena, 842 F.3d 959, 995–96 (7th Cir. 2016) (holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).

In sum, defendant's motion to dismiss count two [D.E. 26] is DENIED.

SO ORDERED. This 5 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge