UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Preante Montrell Whitfield**　　　　　　　　　　　**Docket No. 5:17-CR-76-1D**

### Petition for Action on Supervised Release

COMES NOW John Seth Coleman, Supervising U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Preante Montrell Whitfield, who, upon an earlier plea of guilty to Robbery of a Business in Interstate Commerce and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and Brandishing a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(ii), and 2, was sentenced by the Honorable James C. Dever III, U.S. District Judge, on February 20, 2019, to the custody of the Bureau of Prisons for a term of 121 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Pursuant to the Court of Appeals decision, on October 21, 2022, a remand sentencing hearing was held, and the court reimposed the original sentence. The judgment was amended on June 16, 2023, to strike two financial special conditions.

Preante Montrell Whitfield was released from custody on September 22, 2025, at which time the term of supervised release commenced.

At sentencing, the defendant was ordered to the following mandatory, standard, and/or special conditions:

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MANDATORY CONDITIONS:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within the first 15 days of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.
4. You must cooperate in the collection of DNA as directed by the probation officer.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is

not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States probation officer, or at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation

Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that no changes be made to the mandatory, standard, and/or special conditions that were imposed at the time of sentencing.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing.

**ADDIITONAL INFO REGARDING VIOLATION(S) AND OFFICER'S EVIDENCE WITH NO ACTION RECOMMENDED:**

The defendant possessed marijuana, as evidenced by the test conducted on April 13, 2026, which yielded positive results for marijuana. When discussing the positive test result, the defendant signed a written admission to possessing and using marijuana on or about March 28, 2026. Whitfield has been verbally reprimanded for his behavior, and he has been referred for further substance abuse evaluation and services, and he will continue to participate in the surprise urinalysis program. Therefore, it is respectfully recommended that his term of supervision be continued without modification. Should future violations occur, the court will be notified.

Except as herein modified, the judgment shall remain in full force and effect.

> I declare under penalty of perjury that the foregoing is true and correct.
>
> /s/ John Seth Coleman
> John Seth Coleman
> Supervising U.S. Probation Officer
> 150 Rowan Street Suite 110
> Fayetteville, NC 28301
> Phone: 910-354-2545
> Executed On: April 16, 2026

## ORDER OF THE COURT

Considered and ordered this ___17___ day of ___April___, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge